IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ERIC NOE LOPEZ MARTINEZ,
     Petitioner,

v.                                  Civil No. 3:26cv156 (DJN)

JEFFREY CRAWFORD, *et al.*,
     Respondents.

**MEMORANDUM ORDER**
**(Granting 28 U.S.C. § 2241 Petition)**

Petitioner Eric Noe Lopez Martinez ("Petitioner"), a native and citizen of Honduras proceeding with counsel, has submitted a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1 ("Petition" or "Pet.")), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner submitted his Petition against Respondents Jeff Crawford, Kristi Noem, Pamela Bondi, Joseph Simon, Todd Lyons and Daren Margolin (collectively, "Respondents"). In his Petition, Petitioner alleges that Respondents' application of 8 U.S.C. § 1225(b)(2) to mandate his detention violates the Immigration and Nationality Act (Count I) and governing bond regulations (Count II). (Pet. ¶¶ 11–21.) Petitioner also alleges that his detention violates the Fifth Amendment's due process protections (Count IV-V). (*Id.* ¶¶ 35–56.) Further, Petitioner alleges that his detention violates the Suspension Clause, because he is held by executive order with no opportunity to obtain judicial scrutiny of the detention's legality (Count III). (*Id.* ¶¶ 22-34.)[1] For the reasons set forth below, the Court GRANTS the Petition as to four of his five counts. (ECF No. 1.) The Court ORDERS

---

[1] Because the Court grants Petitioner's Petition on due process and statutory grounds, it need not address Petitioner's Suspension Clause argument (Count III).

Respondents to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

## II.    BACKGROUND

Petitioner is a 42-year-old national of Honduras who entered the United States without inspection in January of 2019. (ECF No. 5 at ¶¶19, 28.) United States Border Patrol agents apprehended Petitioner upon his entry, detained him, initiated removal proceedings against him pursuant to 8 U.S.C. § 1229(a) by serving him with a Notice to Appear and a warrant for his arrest under 8 U.S.C. § 1226, INA § 236, and then released him on his own recognizance. (*Id.* ¶¶ 28-29; Pet. ¶ 41.) Petitioner was re-detained on February 2, 2026. (*Id.* ¶ 31.) Petitioner's partner lives in Maryland and his father is a Lawful Permanent Resident of the United States. (*Id.* ¶¶ 33, 34.) Petitioner has been held without bond for his entire detention. (Pet. at ¶ 42.)

On February 26, 2026, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court. (Pet.) Upon consideration of Petitioner's Petition, it appeared to the Court that the factual circumstances and legal issues presented in the Petition are materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 6.) Accordingly, the Court issued an Order directing Respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Ortega Miranda v. Bondi, et al.* No. 3:25-cv-769, (E.D. Va. Feb. 3, 2026), or an explanation as to why material factual or legal differences do exist. (*Id.* at 2.) The Court further noted that should Respondents confirm there are no material differences between this petition and *Miranda Ortega*, prior filings from that case will be adopted in the present case for efficiency, and the Court will rule without additional submissions. (*Id.*)

2

Respondents timely submitted their Notice to the Court's Order on March 10, 2026. (ECF No. 7 ("Notice")). Consistent with the Court's Order, Respondents recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." (Notice at 1.)

### III.    STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### IV.    ANALYSIS

The central question posed in Petitioner's Petition concerns whether he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. (Pet. ¶¶ 11-56.) Specifically, Petitioner argues that the discretionary detention provisions of 8 U.S.C. § 1226(a) and his Fifth Amendment due process rights bolster his entitlement to such a hearing (Pet. ¶¶ 11–21, 35–56.) In opposition, Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Ortega-Miranda*, ECF No. 19. *See, e.g., Duarte Escobar v. Perry*, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, 2025 WL 3141103 (E.D. Va. Nov. 11, 2025) (rejecting the same arguments made in *Ortega Miranda*); *Contreras-Perez v. Noem*, 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same).[13] Here, as in *Ortega-Miranda*,

Respondents insist that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. (*Ortega-Miranda*, ECF No. 14 at 5–22.)

This Court has previously addressed several of the points contained in *Ortega Miranda*, ECF No. 19, and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in several cases before courts in this district,[2] and where Courts have required that a petitioner be provided a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond.[3]

Petitioner has been present in the United States since 2019, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United

---

[2]    *See, e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Quispe-Ardiles*, 2025 WL 2783800; *Vargas Nunez v. Lyons*, 1:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cvl587 (LMB), ECF No. 16 (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, 1:25-cv-1590 (LMB), ECF No. 8 (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN), ECF No. 16 (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN), ECF No. 9 (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-1 525 (MSN), ECF No. 8 (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, 1:25-cv-1634 (LMB), ECF No. 12 (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, 1:25-cv-1645 (LMB), ECF No. 11 (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, 1:25-cvl569 (AJT), ECF No. 11 (E.D. Va. Oct. 11, 2025); *Singh* v. *Lyons*, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez* v. *Crawford*, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v. Simon*, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*, No. 1:25-cv-1443 (MSN), ECF No. 12 (E.D. Va. Oct. 27, 2025); *Duarte Escobar*, 2025 WL 3006742; *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA), ECF No. 12 (E.D. Va. Oct. 29, 2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB), ECF No. 18 (E.D. Va. Oct. 29, 2025); *Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG), ECF No. 13 (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG), ECF No. 22 (E.D. Va. Nov. 21, 2025); *Campos-Flores v. Bondi*, 2025 WL 3461551 (E.D. Va. Dec. 2, 2025); *Hugo Romero, v. Jeff Crawford, et al.*, 2026 WL 94634 (E.D. Va. Jan. 13, 2026).

[3]    *See, e.g., Ortega-Miranda*, No. 3:25-cv-769, (E.D. Va. Feb. 3, 2026) (released after satisfying bond of $1,500); *Gomez Alonzo v. Simon et al.*, No. 1:25-cv-1587-LMB-LRV, ECF No. 20 (E.D. Va. Oct. 9, 2025) (released after satisfying bond of $1,500); *Campos-Flores v. Bondi*, 2025 WL 3461551 (released after satisfying bond of $10,000).

4

States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a).[4] Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

Furthermore, in its Notice, Respondents raised to the Court that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *8 (5th Cir. Feb. 6, 2026). (Notice at 2–3.) Indeed, out of circuit precedent, though not binding on this Court, may be considered for its persuasive value. *Folkes v. Nelsen*, 34 F.4th 258, 286 (4th Cir. 2022) (rejecting out of circuit precedent because it "provides no persuasive reasoning"). However, the Court declines to follow the majority's strained reasoning in *Buenrostro-Mendez* and instead finds the dissent persuasive. The majority's conclusion rests largely on equating "applicant for admission" with "seeking admission" and disregarding longstanding agency practice, an approach that conflicts with the Supreme Court's description of the statutory framework in *Jennings v. Rodriguez* and risks rendering significant portions of § 1226

---

[4] Although Petitioner was detained at the border upon his entry without authorization, he was released upon his own recognizance. Courts in this district have found in such circumstances, release on recognizance "releases a noncitizen already in the country from domestic detention," which entitles them to § 1226(a)'s discretionary detention provisions upon re-detention. *Hasan*, 800 F. Supp. 3d at 654. The Government concedes that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Ortega Miranda*," signifying that they agree that, for purposes of the inquiry the Court undertakes here, a petitioner who was initially detained at the border and then released on his own recognizance is equivalent to a petitioner who entered without authorization and was subsequently detained for the first time after he had already spent time in the country. (ECF No. 6 at 1.)

5

superfluous. *Id.* at *5–8. The dissent persuasively explains these flaws and cautions against an interpretation that would dramatically expand mandatory detention without a clear statement from Congress. *Id.* at *10 (Douglas, J., dissenting) ("The majority stakes the largest detention initiative in American history on the possibility that 'seeking admission' is like being an 'applicant for admission,' in a statute that has never been applied in this way, based on little more than an apparent conviction that Congress *must have* wanted these noncitizens detained— some of them the spouses, mothers, fathers, and grandparents of American citizens. Straining at a gnat, the majority swallows a camel."). Accordingly, the Court declines to adopt the Fifth Circuit's reasoning.

Petitioner also contends that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (Pet. ¶¶ 35–56.) Respondents argue that his rights are governed solely by the INA and that no constitutional violation has occurred. *Ortega Miranda*, ECF No. 14 at 22–29. As explained in *Ortega Miranda*, the Court finds that the Fifth Amendment applies and that detention without a bond hearing violates due process. *Ortega Miranda*, ECF No. 19 at 19–23. Applying the *Mathews* factors, the Court concludes Petitioner has a strong liberty interest, faces a significant risk of erroneous deprivation in the absence of a bond hearing to which he is entitled under § 1226(a), and that Respondents have not demonstrated a sufficient governmental interest to justify continued detention without such a hearing. *Id.* at 20–23 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

6

## V.    CONCLUSION

For the above reasons, the Court GRANTS Petitioner's Petition (ECF No. 1). The Court hereby ORDERS that:

1.     Respondents shall provide Petitioner with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a). The Immigration Court shall provide Petitioner with the opportunity for a bond hearing before any hearing on the merits of his removal, and no later than seven (7) days from the date of entry of this Order.

2.     Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

3.     Respondents are ORDERED to file a status report with this Court within three (3) days after Petitioner's bond hearing and before any hearing on the merits, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial.

4.     In the event that Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

7

5.      Should Petitioner be released on bond, Respondents are FURTHER ENJOINED

from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[5]

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Date: March 20, 2026

---

[5]      Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan*, 800 F. Supp. 3d at 661.

8